# EXHIBIT "1"

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA



DISTRICT COURT
FILED
DEC 13 2021
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| BOBBI JO FARRIS, an individual, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.: ) **CJ-2021-03522** |
| AT&T CORP., a foreign for profit business Corporation, | ) ) ) Caroline Wall |
| Defendant. | ) Attorney Lien Claimed ) |

## PETITION

COMES NOW, the Plaintiff, Bobbi Jo Farris, through her attorneys of record, Daniel E. Smolen of SMOLEN AND ROYTMAN, and brings this action against the Defendant AT&T Corp., for violations of her constitutionally protected rights arising out of her employment and termination by said Defendant.

### PARTIES, JURISDICTION AND VENUE

1. This is an action for damages to redress deprivation of rights secured by the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601, *et seq.*) (hereinafter "FMLA").

2. The Plaintiff, Bobbi Jo Farris, is a resident of Oklahoma and resides in Tulsa County, Oklahoma. The Plaintiff was an at-will employee of the Defendant.

3. Defendant, AT&T Corp., (hereinafter "AT&T" or "Defendant") is a foreign for-profit corporation doing business in Tulsa County, Oklahoma and employing more than fifteen employees.

4. The injuries that are the subject of this dispute occurred in Tulsa County, Oklahoma.

5. This Court has jurisdiction and venue is proper in Tulsa County, State of Oklahoma.

1

## FACTS COMMON TO ALL COUNTS

6. Plaintiff incorporates as if realleged Paragraphs 1-5.

7. Plaintiff Bobbi Jo Farris ("Plaintiff") began working as a customer service representative for Direct TV in 2013, prior to the merger with Defendant, AT&T Corp. After the merger, Plaintiff remained employed in the same position in customer service.

8. During Plaintiff's employment, Defendant approved intermittent leave under the FMLA due to Plaintiff's severe migraine headaches that required a physician's care.

9. In September 2019, Plaintiff's migraines severely worsened, requiring her to utilize her approved intermittent leave on a more frequent basis.

10. While Plaintiff was out on FMLA leave, she received a call from Defendant's human resources representative, Alice, and was informed she needed to begin using her short-term disability benefits and go through Sedgwick, Defendant's third party administrator, to do so.

11. Bobbi Jo followed Defendant's instructions, and had her physician fill out the necessary paperwork and fax it in to Sedgwick. Despite completing this request, Defendant repeatedly contacted Plaintiff alleging it had not received the required paperwork.

12. Plaintiff would then contact Sedgwick to inquire about receipt of her paperwork and she would be assured they had received it. The discord between Defendant and its third-party administrator regarding her paperwork was out of Plaintiff's control.

13. However, Plaintiff wanted to ensure her job was secure so she obtained a case worker from Sedgwick to determine why there was an issue with her paperwork. His name was Apollo, and he informed her there was a system glitch, and that he would take care of it. Plaintiff communicated all of this to her Union Representative, Byron.

14. From September 2019 through January 2020, the Plaintiff worked intermittently, building back up available leave under the FMLA, and believing she was approved for short-term disability leave as well, based on her communications with Sedgwick and Defendant.

15. However, on January 15, 2020, Plaintiff received an email from Defendant's attendance analyst, Tiara Frost, terminating her employment without warning. Plaintiff had available leave remaining under the FMLA.

16. Plaintiff attempted to meet with her union representative to appeal the termination and she was prevented from meeting with him and denied access to Defendant's facility.

17. Plaintiff was then marked as ineligible for rehire despite having worked in her position without incident, receiving positive performance reviews and never receiving disciplinary actions. It was commonplace for Defendant to rehire employees with attendance infractions. There was no reason except retaliation for Defendant to make Plaintiff ineligible.

18. Plaintiff believes that she was denied FMLA leave to which she was entitled as well as retaliated against for requesting FMLA leave.

## FIRST CLAIM FOR RELIEF
## INTERFERENCE AND RETALIATION IN VIOLATION OF
## FMLA (29 U.S.C. § 2615(a)(1) and (2)

19. Plaintiff incorporates as if realleged Paragraphs 1-18.

20. By interfering with Plaintiff's FMLA rights, failing to provide protected leave under the FMLA when Plaintiff qualified for it, and terminating her for attempting to exercise her right to intermittent leave, the Defendant has interfered with Plaintiff's right to protected leave under the FMLA and retaliated against the Plaintiff in violation of the FMLA, 29 U.S.C. § 2615(a)(1) and (2).

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Liquidated damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. His attorney fees and the costs and expenses of this action;
d. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress

21. Plaintiff incorporates the preceding paragraphs as if realleged.

22. The Defendant's actions of intentional and malicious discrimination, including repeatedly failing to verify Plaintiff's paperwork and requiring her to submit it numerous times, and then terminating Plaintiff when she was suffering from a medical condition and had available leave remaining, are extreme and outrageous and have caused severe emotional and psychological damage to the Plaintiff.

23. The Defendant intentionally or recklessly caused severe emotional distress to the Plaintiff beyond which a reasonable person could be expected to endure.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

a. Back pay and lost benefits; front pay until normal retirement;
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant;
d. Plaintiff's attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

WHEREFORE, based on the foregoing, the Plaintiff prays that this Court grant her the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, liquidated damages, reasonable attorney's fees, injunctive relief, and all other relief deemed appropriate by this Court.

Respectfully submitted,

**SMOLEN & ROYTMAN**

_____
Daniel E. Smolen (OBA#19943)
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
Attorneys for Plaintiff

5